UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-21884-CIV-LENARD/O'SULLIVAN

SUE FOREMAN,

    Plaintiff,

vs.

BANKERS LIFE AND CASUALTY
COMPANY,

    Defendant.
_____/

## ORDER[1]

THIS MATTER is before the Court on the Plaintiff's Motion for Remand and Memorandum of Law in Support Thereof (DE# 12, 6/10/11). This matter was referred to the undersigned by the Honorable Joan A. Lenard in accordance with 28 U.S.C. § 636(b). See Order of Reference of Certain Matters (DE# 19, 7/7/11). Having carefully considered the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Remand and Memorandum of Law in Support Thereof (DE# 12, 6/10/11) is **GRANTED** for the reasons stated herein.

## BACKGROUND

On or about April 19, 2011, the plaintiff filed an action in state court against the defendant for breach of insurance contract. See Complaint for Damages (DE# 1-2,

---

[1] The parties consented to magistrate judge jurisdiction for the final disposition of certain motions including motions for remand. See Joint Consent to Jurisdiction by a United States Magistrate Judge (DE# 16, 7/1/11).

5/24/11). On May 24, 2011, the defendant filed a timely notice of removal based on diversity jurisdiction and the case was removed to this Court. See Notice of Removal (DE# 1, 5/24/11).

On June 10, 2011, the plaintiff filed the instant motion seeking to remand this case to state court. See Plaintiff's Motion for Remand and Memorandum of Law in Support Thereof (DE# 12, 6/10/11). The defendant filed its response in opposition on June 27, 2011. See Response in Opposition to Plaintiff's Motion to Remand (DE# 14, 6/27/11). The plaintiff filed her reply on July 5, 2011. See Reply Memorandum of Law in Support of Plaintiff's Motion for Remand (DE# 17, 7/5/11). This matter is ripe for adjudication.

## ANALYSIS

Federal jurisdiction based on diversity of citizenship exists where there is both complete diversity of citizenship and an amount in controversy exceeding $75,000.00. See 28 U.S.C. § 1332. "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010). The party seeking removal has the burden to prove by a preponderance of the evidence that federal jurisdiction exists. Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002). Although the removing party bears the burden of proving both diversity of citizenship and the amount in controversy, this Court is required to examine proof of the amount in controversy from the perspective of the plaintiff and not from the perspective of the defendant. Ericsson GE Mobile Comm., Inc. v. Motorola Comm. & Elec., Inc., 120 F.3d 216, 219 (11th Cir. 1997) (holding that the Eleventh Circuit has adopted the plaintiff-viewpoint rule in determining amount in controversy).

**1.      Diversity of Citizenship**

In the instant case, it is undisputed that the first requirement for jurisdiction is met. Diversity exists between the parties because the plaintiff is a Florida resident and the defendant is an Illinois corporation. See Notice of Removal (DE# 1 at 2-3, 5/24/11). The only question remaining before the Court is whether the defendant has met its burden in establishing that the amount in controversy is sufficient to create federal jurisdiction over the lawsuit.

**2.      Amount in Controversy**

In ruling on a motion to remand, the Court looks to the complaint in determining whether the case could have been filed in federal court in the first place. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Where, as in this case, the allegations of the plaintiff's complaint do not adequately allege the amount in controversy, the Court may look to the petition for removal. Wright v. Continental Casualty Co., 456 F. Supp. 1075, 1077 (M.D. Fla. 1978) (citing Davenport v. Procter & Gamble Mfg. Co., 241 F.2d 511, 514 (2d Cir. 1957)). Beyond looking to the petition for removal, the Court may also review the record to find evidence or require from the parties evidence relevant to the amount in controversy at the time the case was removed. Id. at 1319-20.

Here, the defendant asserts that the amount in controversy is satisfied because the maximum benefit amount of the policy is $131,400.00. The defendant has already paid out $30,212.50 and thus, the "[d]efendant is potentially liable for the balance of the maximum benefits. . . which is $101,187.50." Notice of Removal (DE# 1 at 4, 5/24/11). In Sinclair v. State Farm Mut. Auto. Ins. Co., No. 2:11-cv-320-FTM-29SPC, 2011 WL 2746823, at *2 (M.D. Fla. Jul. 14, 2011), the court rejected this method of calculating

the amount in controversy where, as here, the complaint is not seeking the policy limits.

The court in Sinclair noted that:

> the amount in controversy is not the face value of the policy, only those damages actually incurred at the time of filing or removal are relevant. . . The argument that the expenses will include future medical expenses, past wage loss, future wage loss, and pain and suffering is also irrelevant to the inquiry of whether the amount in controversy was adequate at the time of removal.

Id. (citations omitted).

The plaintiff's complaint requests an unspecified amount of monetary damages. See Complaint (DE# 1-2 at 9, 5/24/11). Attached to the complaint is a letter from the defendant to the plaintiff dated January 11, 2011. See Letter (DE# 1-2 at 48, 5/24/11). The letter indicates that the plaintiff has submitted a claim totaling $27,665.00 and that the claim would be denied. Id. The plaintiff states that adding subsequent charges, at most this amount totals $54,323.00. See Plaintiff's Motion for Remand and Memorandum of Law in Support Thereof (DE# 12 at 2, 6/10/11). The complaint also seeks to recover attorney's fees, costs, interest and the return of premiums. See Complaint (DE# 1-2 at 9-10, 5/24/11). The plaintiff states that as of the date of removal, May 24, 2011, the plaintiff's claim for attorney's fees did not exceed $10,000.00.[2] See Plaintiff's Motion for Remand and Memorandum of Law in Support Thereof (DE# 12 at 2, 6/10/11).

The complaint also seeks the return of premiums. See Complaint (DE# 1-2 at 9-10, 5/24/11). The defendant states that to date the plaintiff has paid approximately $18,313.82 in premiums. See Response in Opposition to Plaintiff's Motion to Remand

---

[2] Reasonable attorney's fees may be taken into account in calculating the amount in controversy. See Cohen v. Office Depot, Inc., 204 F.3d 1069, 1079 (11th Cir. 2000).

(DE# 14 at 6, 6/27/11). Thus, when taking premiums into account, the amount in controversy is $82,636.82 ($54,323.00 plus $10,000 plus $18,313.82), exceeding the minimum required for jurisdiction. However, the plaintiff explains that she is not seeking the return of all premiums paid to the defendant. See Reply Memorandum of Law in Support of Plaintiff's Motion for Remand (DE# 17 at 3, 7/5/11). Rather, the plaintiff is seeking to enforce the "waiver of premium" clause which allows the insured to discontinue making premium payments when a covered expense has been incurred. Id. The plaintiff states that the premiums she seeks to recover total $2,737.00. The plaintiff's explanation makes sense in that the plaintiff would not be entitled to recover benefits under the insurance contract and also recover all premiums paid under that contract. The amount in controversy in the instant case thus totals $67,060.00 ($54,323.00 plus $10,000 plus $2,737.00).

The defendant has failed to carry its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. As such, diversity jurisdiction has not been met. The Plaintiff's Motion for Remand and Memorandum of Law in Support Thereof (DE# 12, 6/10/11) is **GRANTED**. The Clerk of the Court is directed to **REMAND** this case to the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. The Clerk is further directed to mark this case **CLOSED**.

DONE AND ORDERED in Chambers at Miami, Florida this **18th** day of August, 2011.

JOHN J. O'SULLIVAN  
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:  
United States District Judge Lenard  
All Counsel of Record